UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH K. HUGHES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:12-cv-1306-DKL-RLY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**ENTRY**

**Defendant's *Motion to Dismiss*** **[doc. 13]**

Plaintiff Deborah K. Hughes brought this action against the defendant Commissioner of Social Security, seeking reversal of the Commissioner's dismissal of her application for a period of disability and disability insurance benefits. Presently before the Court is the Commissioner's motion to dismiss Plaintiff's complaint because it is barred by the doctrine of *res judicata*.

**Background**

Plaintiff has applied three times for disability benefits.

**First application.** She first applied for a period of disability, disability insurance ("DI") benefits and supplemental security income ("SSI") benefits on August 28th (period and DI benefits) and October 6th of 2003 (SSI benefits) ("first application"), alleging a

1

disability-onset of June 28, 2003. Her application was denied by an administrative law judge ("ALJ") in December 2006 and Plaintiff sought review by the Social Security Administration's Appeals Council. In May 2007, the Appeals Council remanded the application to the ALJ who again denied it in October 2008. The ALJ found that Plaintiff was not disabled from her alleged disability-onset date in June 2003 through the date of his decision on October 10, 2008. [Doc. 14-1 at 9.] One of the ALJ's findings was that Plaintiff's insured status for DI benefits expired on December 31, 2005. [Doc. 14-1 at 2.] The ALJ's second decision became the final decision of the Commissioner after the Appeals Council denied Plaintiff's request for review in February 2010. [Doc. 14-1 at 11 and 18]. Plaintiff's suit in this Court for judicial review of the Commissioner's denial (filed on March 29, 2010) resulted in a judgment affirming the Commissioner's decision. *Hughes v. Astrue*, No. 1:10-cv-33-SEB-TAB, *Entry Discussing Complaint for Judicial Review* [doc. 35] and *Judgment* [doc. 36] (S.D. Ind., September 1, 2011). Plaintiff did not pursue a further appeal.

**Second application.**[1] On March 23, 2010 — after the Appeals Council denied review of the ALJ's denial of Plaintiff's first application (February 24, 2010) and before she filed suit for judicial review of that denial (March 29, 2010) — Plaintiff filed a second application for disability benefits, this time for only SSI benefits ("second application").

---

[1] The ALJ's decision on Plaintiff's second application was not submitted on the present motion. The Court relies on the descriptions of the decision in the third ALJ's decision and in the parties' briefs.

At one of the two hearings, Don Olive, Ph.D., testified that Plaintiff medically equaled the criteria for listings 12.04 (affective disorders) and 12.06 (anxiety-related disorders) and that she could have equaled those Listings back in 2003, during the period covered by her first application and before her insured status for DI benefits had expired. Plaintiff requested an onset date of August 1, 2003. The ALJ found that Plaintiff was eligible for SSI benefits, but only as of March 23, 2010, the date that she filed her application. The ALJ found that the October 2008 decision on Plaintiff's first application was conclusive for the time period through the date of that decision and, thus, precluded Plaintiff's asserted onset date of August 1, 2003. Plaintiff did not seek review of this decision.

**Third (current) application.** The present case involves Plaintiff's third application, filed on October 3 or 5, 2011, this time for only DI benefits and a period of disability ("third application"). This application is based primarily on Dr. Olive's medical-equivalence and onset testimony during the hearing on Plaintiff's second application. Plaintiff alleges a disability-onset date in 2003, either June 28 (the onset date alleged in Plaintiff's first application) or August 1 (the date sought in Plaintiff's second application).[2] The ALJ dismissed the application in February 2012. She found, first, that Plaintiff did not satisfy the criteria for reopening the previous decision and, second, that the previous decision bars Plaintiff's current application under the doctrine of *res*

---

[2] The third ALJ's decision gives both dates.

*judicata*. [Doc. 14 at 18-20.] The Appeals Council denied Plaintiff request to review the ALJ's decision and this suit for judicial review followed.

**Discussion**

**Subject-matter jurisdiction.** Neither party raised the issue of subject-matter jurisdiction but it is the Court's obligation to do so *sua sponte*, if necessary. Fed. R. Civ. P. 12(h)(3); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). When determining whether to dismiss a case for lack of subject-matter jurisdiction, a court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

A claimant may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). In this case, because no hearing was held relating to the ALJ's dismissal, the Court is not authorized under § 405(g) to review it. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Watters v. Harris*, 656 F.2d 234, 238 (7th Cir. 1980); *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983). An exception exists if the Commissioner's decision is challenged on constitutional grounds. *Califano v. Sanders*, 430 U.S. at 109; *Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir. 1993). Because Plaintiff has raised no constitutional claims, the Court

lacks jurisdiction to review the Commissioner's dismissal of Plaintiff's current claim for benefits.[3]

The Court will dismiss this case for lack of subject-matter jurisdiction. In addition, the Court notes that the ALJ's decisions not to reopen the determination on Plaintiff's previous application(s) and her decision that the current application is barred by *res* judicata were supported by substantial evidence and not legally erroneous.

**"Previous decision."** As noted above, Plaintiff's first application sought both DI and SSI benefits, her second application sought SSI benefits, and her third application sought only DI benefits. The decision on the first application determined that Plaintiff was not eligible for disability benefits. For DI purposes, the decision determined that Plaintiff was not disabled before her insured status expired at the end of 2005 and, for SSI benefits, it determined that she was not disabled up to October 10, 2008, the date of the decision. Plaintiff's second application, for SSI benefits, was filed about eighteen months after the first ALJ's decision and, relying on Dr. Olive's opinion, sought an onset date of August 2003, which conflicted with the determination of the first ALJ. The second ALJ determined that Plaintiff was disabled only from the date that she filed her

---

[3] No other ground for jurisdiction is asserted or apparent. Jurisdiction does not exist under the mandamus statute, which provides that "district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361. The current ALJ's decision demonstrates that she considered reopening the previous decision, considered the effect of Dr. Olive's opinion, determined that there was no reason to reopen the previous decision, and determined that *res judicata* barred Plaintiff's third application. Thus, the ALJ affirmatively discharged her statutory duty to Plaintiff.

second application, March 23, 2010.

In her order dismissing Plaintiff's current application, the ALJ found that **(1)** the deadlines for seeking review of the "previous decision" should not be extended under S.S.R. 91-5p because Plaintiff was represented by counsel,[4] **(2)** none of the conditions under 20 C.F.R. § 404.988 for reopening the "previous decision" is present, and **(3)** Plaintiff's current application is barred by the *res judicata* effect of the "previous decision." Although the ALJ did not specify whether the "previous decision" is the decision on Plaintiff's first or second application, it does not matter to the ultimate result, as explained below

**Reopening previous decision.** A prior disability determination may be reopened for any reason within twelve months of the date of the notice of the initial determination, 20 C.F.R. § 404.988(a), and it may be reopened for "good cause" within four years of the date of the notice of the initial determination, *id.*, § 404.988(b).[5]  Good

---

[4] S.S.R. 91-5p implements the Social Security Administration's policy "to avoid the improper application of *res judicata* or administrative finality when the evidence establishes that a claimant lacked the mental capacity to understand the procedures for requesting review. " It lists factors to be considered when determining whether good cause has been shown to extend a missed deadline for seeking further review (reconsideration review, a hearing before an ALJ, Appeals Council review, and filing a suit for judicial review). A finding of good cause for extending such a deadline forestalls the application of *res judicata* to the previous decision and eliminates the requirement to satisfy the criteria for reopening it. S.S.R. 91-5p provides that good cause will not be found if the allegedly incapacitated claimant was represented by counsel, as Plaintiff was throughout the proceedings on her first, second, and third applications.   Plaintiff does not challenge the ALJ's decision that no relief is available under S.S.R. 91-5p.

[5] The "initial determination" is the first administrative decision on a claimant's application.   20 C.F.R. §§ 404.900(a)(1), 404.901-404.905.   This determination (often known as initial review of an application) is made by agency medical and disability experts and recorded on a Disability Determination and Transmittal form ("DDT").   Claimants may request "reconsideration review" by different agency

cause exists if "[n]ew and material evidence is furnished," if "[a] clerical error in the computation or recomputation of benefits was made," or "if the evidence that was considered . . . clearly shows on its face that an error was made." 20 C.F.R. §404.989. Although none of the evidence or briefs submitted on the present motion identifies the date on which the initial determination on Plaintiff's first application was made, the evidence shows that the first hearing on the application was held on November 22, 2005, [doc. 14-1 at 18]; thus, the initial determination on Plaintiff's first application had to have been issued before that date. Plaintiff filed her current, third, application on October 3 or 5, 2011, which, considered as a request to reopen the first application for DI benefits, is well past both the twelve-month window for reopening for any reason and the four-year window for reopening for good cause. Therefore, the ALJ did not err by refusing to reopen Plaintiff's first application for DI benefits.

Plaintiff's third application reasonably could not be considered a request to reopen the second application because the second application was for only SSI benefits while her third application is for only DI benefits; reopening that decision would not result in an award of DI benefits. If Plaintiff contends that she wants to reopen only the disability onset date finding of the second decision, then the twelve-month window for reopening

---

medical and disability experts and, if dissatisfied with that review, they may then request a hearing before an administrative law judge.

"for any reason" had closed by the time she filed the present application[6] and none of the statutory grounds for reopening for good cause are present, as explained below. Reopening the second application to obtain a new disability onset date finding for DI eligibility would directly conflict with the first decision's finding of no disability before the expiration of Plaintiff's insured status, thus necessitating the reopening of her first application as well, for which, as explained above, the window for reopening for any or only good cause has closed.[7]

***Res Judicata.*** Declining to reopen the prior decision, the ALJ found that the doctrine of *res judicata* barred Plaintiff's present application for DI benefits. The doctrine of r*es judicata* has two prongs: claim preclusion and issue preclusion. *Rucker v. Shalala*, 894 F. Supp. 1209, 1214 (S.D. Ind. 1995). "The goal of claim preclusion is to avoid multiple suits on identical claims. Claim preclusion has the effect of extending a judgment to all issues relevant to the claim between the same parties, whether or not raised at the trial. Issue preclusion bars re-litigation of issues actually adjudicated and

---

[6] Plaintiff requested a hearing before an ALJ on her second application on September 23, 2010 — thus, the initial determination had to have occurred earlier — but she did not file her third application, construed as a request to reopen the second application, until October 5, 2011, more than twelve months after. [Doc. 14-1 at 19.]

[7] The Court also notes that, by requesting, as part of her second application, a disability onset date of August 1, 2003, which conflicted with the first ALJ's finding of no disability through October 10, 2008, Plaintiff was, in effect, asking to reopen the first application because a uniform standard of disability governs both DI and SSI benefits. The second ALJ either refused to reopen the first application or reopened it but still rejected Plaintiff's asserted pre-expiration onset date. Plaintiff did not pursue further direct appeal of the second decision. Her present third application would be an improper means to obtain such review.

essential to the judgment in prior litigation of issues actually adjudicated and essential to the judgment in prior litigation between the same parties or their privies." *Id.* at 1215. The doctrine of *res judicata* generally applies in administrative proceedings, *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966), and the Commissioner specifically recognizes the doctrine in Social Security proceedings:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> \*     \*     \*
>
> The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because —
>
> The doctrine of *re judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action . . .

20 C.F.R. § 404.957(c)(1).

Relying on *Groves v. Apfel*, 148 F.3d 809 (7th Cir. 1998), and *Rucker v. Chater*, 92 F.3d 492 (7th Cir. 1996), Plaintiff argues that *res judicata* does not bar her current claim, but both cases are distinguishable. The claimant in *Groves* applied for disability benefits in 1991, alleging a disability-onset date in 1990. Her application was administratively denied and she did not pursue an appeal. In a subsequent application, she alleged an onset date in 1994. The Court of Appeals for the Seventh Circuit held that *res judicata* did not prevent evidence introduced in support of the first application from being

9

introduced during the second application to prove disability at the later onset date. Similarly, the applicant in *Rucker* filed two applications for disability benefits four years apart and covering two distinct time periods. "The first ALJ's finding was a binding determination with respect to Rucker's eligibility for disability benefits for that time period. It has no effect, however, on an application for disability benefits for a subsequent time period." *Rucker*, 92 F.3d at 495.

In the present case, Plaintiff's third application seeks DI benefits based on a disability commencing during a period for which the decision on her first application already determined that she was not disabled; therefore, the holdings of *Groves* and *Rucker* do not apply. The decision on Plaintiff's first application found that she was not disabled before October 10, 2008, which includes her date last insured of December 31, 2005. Plaintiff's present, third, application also asserts an onset date before her insured status expired at the end of 2005, which is within the period already determined by the decision on her first application. Thus, Plaintiff's third application is barred by the *res judicata* effect of the first decision.

There is no issue with the *res judicata* effect of the first decision on Plaintiff's second application because the second decision found that Plaintiff was not disabled before March 23, 2010, which does not conflict with the first decision's finding of no disability before October 10, 2008.

**Plaintiff's additional argument.** Plaintiff makes one additional argument: she contends that the current ALJ erred when she rejected Dr. Olive's expert opinion on medical equivalence without citing any inconsistent medical evidence. Thus, according to Plaintiff, the ALJ "played doctor" by making a medical finding for which she was not qualified and for which there was no supporting evidence in the record. Dr. Olive testified during a hearing on the second application that Plaintiff's medical impairments medically equaled listings 12.04 and 12.06 and that they could have done so back in 2003, before her insured status expired. As noted, the ALJ on the second application rejected Dr. Olive's opinion and found that Plaintiff was not disabled until March 2010.

The current ALJ wrote that Dr. Olive testified "without any objective medical evidence in the file to support such an opinion" and that his opinion of a pre-expiration onset date was "little more than speculation at best." [Doc. 14-1 at 19.] She wrote that Dr. Olive's opinion was "certainly not sufficient to support reopening the previous decision. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies." *Id.* The relevance of the ALJ's comment that Dr. Olive's opinion does not support reopening a previous decision is obscure. As explained above, it was beyond time under the regulation for the ALJ to reopen the first decision, regardless of the correctness of her evaluation of Dr. Olive's opinion, and no ground for reopening the second decision is apparent. 20 C.F.R. §

11

404.988(a) and (b).[8]

Regarding reopening the second application, as noted above, the twelve-month window to do so "for any reason" closed before Plaintiff filed her present third application on October 5, 2011. [Doc. 14-1 at 19.] Under the good-cause standard for reopening a previous decision within four years of notice, no good cause for reopening has been shown or suggested. First, no clerical error in the computation of benefits is asserted. 20 C.F.R. § 404.989(a)(2). Second, it has not been shown that Dr. Olive's opinion "clearly shows on its face that an error was made" in the second decision, *id.* § 404.989(a)(3), because Plaintiff has not shown that that the second ALJ erred in his or her decision on Plaintiff's second application; Plaintiff argues only that the *current* ALJ erred in *her* evaluation of Dr. Olive's opinion. The second ALJ's rationale for rejecting Dr. Olive's opinion has not been shown. Third, Dr. Olive's opinion certainly is not new and material evidence in relation to the decision on Plaintiff's second application because it was presented as part of that proceeding. *Id.* § 404.989(a)(1). Therefore, even if the current ALJ erred by improperly making a medical determination, it was harmless to the correctness of her reopening and *res judicata* decisions.

---

[8] Plaintiff does not argue that any of the circumstances under subsection (c) of 20 C.F.R. § 404.988 apply in this case.

## Conclusion

Because the ALJ's decisions to dismiss Plaintiff's current application and not to reopen her previous applications were made without a hearing, no Constitutional error has been asserted or shown, and no ground for mandamus relief has been asserted or shown, the Court lacks subject-matter jurisdiction of this Cause. The Commissioner's *Motion To Dismiss* [doc. 13] is **GRANTED** and this Cause will be dismissed by separate judgment.

**DONE this date: 9/26/2014**

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.